**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00121-WJM-NYW

DAVID SHAMAYEV,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff's Amended Motion to Amend Complaint (the "Motion to Amend"). [#22, filed Apr. 6, 2016]. The court considers the Motion to Amend pursuant to the Order of Reference dated February 4, 2016 [#13] and the Memorandum dated April 7, 2016 [#23].

    In the Motion to Amend, Plaintiff requests leave of court to docket an amended complaint in which he states that on or around March 11, 2016, he received a payment in the amount of $51,023.42 from Defendant. [#22-1 at ¶ 17]. Plaintiff has attached a copy of the proposed Amended Complaint which strikes through the text to be deleted and underlines the text to be added, as required by D.C.COLO.LCivR 15.1. *See* [#22-1]. Plaintiff states that he conferred with Defendant and Defendant does not oppose the Motion to Amend. [#22 at 2].

    Because Plaintiffs filed the present Motion to Amend prior to the expiration of the deadline to do so set forth in the Scheduling Order, consideration of this Motion is governed by

Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading "only by leave of court or by written consent of the adverse party" after a responsive pleading has been served, and instructs that "leave shall be freely given when justice so requires." When considering whether to allow an amendment to a complaint, the court considers factors such as whether the amendment will result in undue prejudice to the defendant, whether the request was unduly and inexplicably delayed or offered in good faith, and whether the party had sufficient opportunity to state the claim but failed. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Whether to grant a motion to amend is within the trial court's discretion. *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). A motion to amend may be denied when the proposed amendment is futile. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Id.*

Here, the court finds that the proposed amendment will not result in undue prejudice to the defendant, is not unduly and inexplicably delayed or offered in good faith, and there is no basis given the nature of the amendment for an analysis of its futility.

Accordingly, on the basis of the foregoing, **IT IS ORDERED** that:

(1)   Plaintiff's Amended Motion to Amend Complaint [#22] is **GRANTED**;

(2)   The Clerk of the Court is directed to **DOCKET** the clean version of Plaintiff's First Amended Complaint [#19-2];[1] and

---

[1] This court struck Plaintiff's original Motion to Amend Complaint because it only contained a clean, rather than redlined version, of the proposed First Amended Complaint. This court now

(3) The First Amended Complaint is **DEEMED FILED** the day that the Clerk of the Court dockets it.

DATED: April 7, 2016

BY THE COURT:

*s/* Nina Y. Wang
United States Magistrate Judge

---

directs the Clerk to use the clean version of the First Amended Complaint for the sake of efficiency, consistent with Rule 1 of the Federal Rules of Civil Procedure.